**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CHARLES DAVIS,** an individual,

Plaintiff,

v.

**SOUTHWEST CREDIT SYSTEMS, L.P.,**

Defendant.

**Case No.:** 5:17-CV-01114

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**

**1.) THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785, ET SEQ.;**

**2.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**

**3.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.
2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

1. Plaintiff, CHARLES DAVIS, ("Plaintiff") brings this lawsuit to challenge the actions of Defendant, SOUTHWEST CREDIT SYSTEMS, L.P. ("SOUTHWEST" or "Defendant"), regarding Defendant's furnishing of inaccurate credit information and unlawful debt collection practices.
2. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by Plaintiff's attorney.

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

3. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid such violations.
4. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.
5. Unless otherwise stated, all the conduct engaged in by Defendant occurred in the State of California.

## JURISDICTION AND VENUE

6. This action arises out of Defendant's violations of: (i) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785.25(a); (ii) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*.; and (iii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.
7. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k and 28 U.S.C. § 1367 for supplemental state law claims.
8. The Court has personal jurisdiction over Defendant as it conducts business within the State of California and has purposefully availed itself of the laws and markets of the State of California and this district.
9. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of San Bernardino, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

10. Plaintiff, CHARLES DAVIS ("Plaintiff"), is a natural person who resides in the City of Highland, County of San Bernardino, State of California.

///

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and Cal. Civ. Code § 1785.3(b), from whom a debt collector sought to collect a consumer debt, which was alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).
12. Defendant, SOUTHWEST CREDIT SYSTEMS, L.P. ("SOUTHWEST" or "Defendant"), is a Texas corporation with a principal place of business in Carrollton Texas.
13. SOUTHWEST, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at the time they are acquired by and/or assigned to SOUTHWEST and there therefore subject to immediate collection activity.
14. SOUTHWEST is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).
15. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).
16. The causes of action stated herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by SOUTHWEST to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in

whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

17. Sometime prior to November of 2016, Plaintiff is alleged to have incurred a debt in the amount of $158 with T-Mobile Wireless, Account No. 615-x (the "Debt").
18. The Debt was placed with SOUTHWEST for the sole purposes of debt collection on or about November of 2016.
19. The Debt is for a T-Mobile Wireless cellular phone account which originated in New Hampshire.
20. However, Plaintiff never opened the T-Mobile Wireless account and has never even been to the state of New Hampshire.
21. The Debt does not belong to Plaintiff, he did not authorize the charges, and does not owe the debt.
22. In November of 2016, SOUTHWEST began placing debt collection phone calls to Plaintiff.
23. Plaintiff spoke with representatives of SOUTHWEST in November of 2016 and informed them that he didn't owe the Debt as it didn't belong to him.
24. Additionally, Plaintiff's sent SOUTHWEST a written fraud dispute in November of 2016 expressly disputing the Debt.
25. SOUTHWEST's representatives stated that they would stop contacting Plaintiff and would "take it off" Plaintiff's credit report.
26. Instead of removing the erroneous debt from Plaintiff's credit SOUTHWEST continued to report the Debt, a balance of $158, and a "derogatory" and/or "collection" status for the Debt on a monthly basis from November 2016 to the present.

///

27. Specifically, SOUTHWEST reported the Debt to one or more "consumer credit reporting agenc[ies]" as defined by Cal. Civ. Code § 1785.3(d), as follows:
    a. On March 28, 2017, SOUTHWEST reported the Debt with a balance of $158 with a "derogatory" and/or "collection" status;
    b. On May 1, 2017, SOUTHWEST reported the Debt with a balance of $158 with a "derogatory" and/or "collection" status;
    c. On May 21, 2017, SOUTHWEST reported the Debt with a balance of $158 with a "derogatory" and/or "collection" status;
28. This information, and all other information, SOUTHWEST reported is inaccurate and/or incomplete as Plaintiff does the owe the Debt as it does not belong to him.
29. SOUTHWEST knew, or should have known, the information they were reporting was inaccurate and/or incomplete as Plaintiff specifically advised SOUTHWEST in November of 2016 that he didn't owe the Debt.
30. Additionally, SOUTHWEST began contacting Plaintiff by phone in May of 2017 demanding payment of $158 for the Debt. Plaintiff again advised SOUTHWEST that the Debt does not belong to him nor does he owe anything with respect to the Debt.
31. Through this conduct, SOUTHWEST violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known or which should be known to be false including the failure to communicate that the debt is disputed; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt.

These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, SOUTHWEST also violated Cal. Civ. Code § 1788.17.

32. Through this conduct, SOUTHWEST also violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that SOUTHWEST knew or should have known was inaccurate and/or incomplete.

33. The forgoing instances of Defendant's reporting false, inaccurate, and incomplete credit information, failing to maintain adequate procedures, and failing to investigate Plaintiff's disputes described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. As a result of Defendant's conduct, Plaintiff has suffered damages though mental and emotional pain and anguish, humiliation and embarrassment and pecuniary loss in attempting to correct Defendant's inaccurate and derogatory reporting without success.

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CAL. CIV. CODE § 1785.25(A)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

36. In the regular course of its business operations, Defendant routinely furnishes information to consumer credit reporting agencies pertaining to transactions between Defendant and consumers, so as to provide information to a consumers' credit worthiness, credit standing, and credit capacity.

37. The causes of action stated herein pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendant to a "consumer

credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

38. Because Defendant is a partnership, corporation, association, or other entity, and is therefore "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendant knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

39. The forgoing conduct caused Plaintiff damages including, but not limited to, loss of credit worthiness, credit standing, credit capacity, emotional distress and economic loss, incurred in part to respond to Defendant's erroneous credit reporting.

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692 ET SEQ.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each Defendant pursuant to 15 U.S.C. §

1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

45. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

46. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);
- An award of statutory damages of $5,000.00 per violation, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- That the Court preliminarily and permanently enjoin Defendant from engaging in the unlawful debt collection and credit reporting practices stated herein; and
- Any and all other relief that this Court deems just and proper.

Dated: June 6, 2017

Respectfully submitted,

**SINNETT LAW, APC.**

BY: /S/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

47. Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 6, 2017

Respectfully submitted,

**SINNETT LAW, APC.**

BY: /S/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF